IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAKAI CHAVIS, | § | |
| | § | No. 299, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1806020079 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 5, 2019
Decided: August 6, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)    On July 12, 2019, counsel for the appellant, Dakai Chavis, filed a notice of appeal from a Superior Court sentence imposed on June 7, 2019.  A timely notice of appeal should have been filed on or before July 8, 2019.[1]  The Senior Court Clerk issued a notice directing Chavis' counsel to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6.

---

[1] Del. Supr. Ct. R. 6(a)(iii) (providing notice of appeal must be filed "[w]ithin 30 days after a sentence is imposed in a direct appeal of a criminal conviction").  The thirtieth day after Chavis' sentencing, July 7, 2019, was a Sunday.  Chavis' notice of appeal therefore had to be filed on or before Monday, July 8, 2019. Del. Supr. Ct. R. 11(a).

(2)     In his response to the notice to show cause, Chavis' counsel states that he believed, incorrectly, that his notice of appeal was timely filed because July 12, 2019, fell within 30 business days—as opposed to calendar days—from the date of Chavis' sentencing.

(3)     The State was asked to respond to the position of Chavis' counsel. As the State recognizes, the failure of Chavis' counsel does not fall within the exception to the general rule requiring the timely filing of a notice of appeal. The State also recognizes that this failure, if not remedied, would leave the Court without jurisdiction to hear Chavis' direct appeal. Under these circumstances, the State recommends that the matter be remanded to the Superior Court with direction to vacate its June 7, 2019 sentence and to resentence Chavis. Taking this course of action will allow Chavis to pursue a timely direct appeal.

(4)     We agree that the proper course of action is to remand this matter to the Superior Court. Upon remand, the Superior Court shall vacate the June 7, 2019 sentence and resentence Chavis.

NOW, THEREFORE, IT IS HEREBY ORDERED, that the matter is REMANDED to the Superior Court for further action in accordance with this order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

2